In re TUDOR.

(District Court, D. Colorado.)

No. 179.

1. BANKRUPTCY—JURISDICTION OF REFEREE — SURRENDER OF PROPERTY BY BANKRUPT.

An order of a referee in bankruptcy, finding that a bankrupt examined before him has money in his possession which he should surrender to his trustee and requiring him to do so, is within his authority and jurisdiction, and will not be reversed by the court on appeal, unless plainly erroneous or based on insufficient evidence.

2. SAME—ACCOUNTING BY BANKRUPT—AFTER-ACQUIRED PROPERTY.

An order of the referee requiring the bankrupt, on his examination, to render to his trustee an account of the profits received by him on the sale of a certain business, and deliver to the trustee the books of account relating thereto, will not be reversed by the court on review merely on the ground that such accounts, if rendered, might show that the money in question was after-acquired property of the bankrupt, and not liable to administration in bankruptcy.

In Bankruptcy. On proceedings to commit the bankrupt to jail for his failure to comply with certain orders of the referee in bankruptcy touching his estate.

Bicksler, McLean & Bennett, for creditors.
John H. Gabriel, for bankrupt.

HALLETT, District Judge (orally). The first part of the order of the referee is that the bankrupt pay over to the trustee appointed herein the sum of $2,106.44. We do not understand there is any question made as to the testimony on which this order was made. The referee appears to have determined, upon the examination of

the bankrupt, that there was this amount of money and property in his possession, which the bankrupt should turn over to the trustee. It is not plain that the referee was mistaken in his judgment, or that the testimony was not sufficient to support the order.

As for the remainder of the order, it was that the bankrupt render the trustee a full and true statement of the profits received by him on the sale of the stock and fixtures of the Denver Crockery & Housefurnishing Company, and deliver to said trustee all books of account in his possession relating thereto. In that part of the order he is not required to pay anything to the trustee. He was to make a statement of profits received from this concern and turn over the books of the concern. Whether the referee would, upon any such statement being made, or upon examination of the books of the Denver Crockery concern, make a further order directing him to make any payment to the trustee, is not disclosed; but, the presumption being in favor of the referee's jurisdiction, we must assume, for anything that has been said here to-day, that he had jurisdiction to make such an order. If it be true, as alleged by counsel, that the earnings of the bankrupt, after the filing of the petition and before adjudication, are not subject to the payment of creditors' demands, we do not know that upon ascertaining any such matter the referee would have ordered them paid. He appears to have been conducting an investigation. He was engaged in inquiring about the condition of this estate, and he was authorized to inquire. The bankruptcy law provides that, upon adjudication, a bankrupt shall submit himself to an examination of the creditors. Of what avail will an examination be, if it can be arrested at any point in the progress of the examination upon the ground that the matter may be found to be of such a character that the bankrupt cannot be required to surrender to his creditors? We are not authorized to say anything of that kind. I think the orders made here were clearly within the power and authority of the referee, and this man must be committed to the jail of Arapahoe county until he shows some disposition to comply with the orders; and I so order.